**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alan M. BARTLETT, Defendant-Appellant.**

No. 15-30317

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 24, 2017

Jo Ann Farrington, Retta-Rae Randall, Assistant U.S. Attorney, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff-Appellee

Phillip A. Trevino, Esquire, Attorney, Law Offices of Phillip A. Trevino, Los Angeles, CA, for Defendant-Appellant

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Alan M. Bartlett appeals from the district court's judgment and challenges his jury-trial convictions for two counts of mail fraud, in violation of 18 U.S.C. § 1341; twenty counts of bank fraud, in violation of 18 U.S.C. § 1344; five counts of wire fraud, in violation of 18 U.S.C. § 1343; five counts of false statements, in violation of 18 U.S.C. § 1001(a)(3); and five counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(c)(4). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bartlett contends that the district court erred by failing to conduct a competency hearing pursuant to 18 U.S.C. § 4247(d) prior to the last business day before his scheduled jury trial. He has not cited, and we have not found, any authority suggesting that the district court was required to hold the competency hearing earlier than it did. The district court thoroughly explored Bartlett's competence, and there is nothing in the record to support Bartlett's claim that the result of the proceedings would have been different had the competency hearing been held earlier. Moreover, the record shows that the district court did not clearly err in finding that Bartlett was competent to stand trial. *See United States v. Gastelum–Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.